Per Curiam.

The defendants were bound to do the first act. They ought to have executed the conveyance and tendered it to the plaintiff, and if the plaintiff’s counsel ought reasonably to have advised such a conveyance, it would have saved the penalty. If the plaintiff refused the deed, when tendered before the day, the propriety of the deed would come on to be tried by due course of law. The defendants *83 having failed to do it, the plaintiff is entitled to judgment on the merits of the case.
Cited in 4 R., 94, where the court said: “In this state we have no court of equity, and therefore it has been considered that whatever would be deemed sufficient ground for relief against a bond in such court, may here be made the ground of defence ill a court of law, and given in evidence under the plea of payment with leave to give the special matter in evidence ; or if the bond be conditioned for the performance of certain covenants, or collateral matters, the defendant having prayed and obtained oyer of the condition, and pleaded performance thereof, with leave to give the special matter in evidence, may under the same, give all such matter for relief in evidence; or in either case may plead it specially.”
As to the point of departure, the cases adduced by the plaintiff clearly shew that it would have been deemed such in England. But it is said the practice here varies. We are of opinion, when the defendants called on the plaintiff to reply to their plea, they voluntarily relinquished and waived the liberty reserved to them of giving the special matters in evidence, and that the rejoinder afterwards amounted to a departure. Ret judgment, therefore, be entered for the plaintiff, and a writ of inquiry issue to ascertain the damages he has sustained. •